Michael R. Hirman, Esq., SBN 228469
Attorney at Law
4730 Palm Avenue, Suite 212
La Mesa, CA  91941
(619) 238-9700
(619) 238-9701 (facsimile)

Attorney for Plaintiff, Curtis Habecker

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HABECKER, JANIELLE HABECKER,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; and DOES 1 to 100 inclusive,<br><br>Defendants | Case No.: **'22CV1379 CAB BLM**<br><br>COMPLAINT FOR DAMAGES<br><br>1. Negligence;<br>2. Negligent Hiring, Training, Supervision;<br>3. Violation of 42 U.S.C. 1983, Bivens Claim;<br>4. Loss of Consortium. |

COMES NOW Plaintiff, CURTIS HABECKER, who alleges as follows:

1. Plaintiff, Curtis Habecker, at the time of the incident was resident of the Unincorporated City of Alpine, in the County of San Diego, State of California.

-1-
COMPLAINT FOR DAMAGES

2. Plaintiff, Janielle Habecker, at the time of the incident was resident of the Unincorporated City of Alpine, in the County of San Diego, State of California.

3. At all times relevant Plaintiffs Curtis and Janielle Habecker were married.

4. At all times herein mentioned, the conduct of Defendant United States of America and Defendant Unknown Border Patrol Agent was such that if defendants were private individuals, they would be liable to the plaintiffs in accordance with the laws of State of California.

5. The Defendant United States of America is a sovereign governmental entity which has been engaged in, among other things, controlling access into its sovereign territory over its borders, and preventing entry of illegal aliens and illegal or controlled substances. The Defendant United States of America performs these activities by and through its agencies, the Defendant United States Customs and Border Protection. The Defendant United States of America has waived its sovereign immunity and has consented to be sued pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671-2680.

6. Defendant Unknown Border Patrol Agent, at all times herein mentioned, was an U.S. Border Patrol, U.S. Customs or Border Patrol agents, acting within the course and scope of his employment with Defendant United States of America.

7. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, the unknown Border Patrol Agent was the agent and employee of defendant, and in acting within the course and scope of such agency and/or employment.

8. The true name and capacity, whether individual or otherwise, of defendant, Unknown Border Patrol Agent is unknown to plaintiffs who therefore sue said defendant by such fictitious name. Plaintiffs are informed and believe and thereon allege that each of the defendant designated herein as Unknown Border Patrol Agent negligently or in some other manner participated in the events and happenings herein referred to and negligently or in some other manner caused injury and damages proximately and directly to plaintiffs as hereinafter alleged. Plaintiffs will seek leave to amend their complaint when the identity of said Unknown Border Patrol Agent becomes known to plaintiffs.

9. At all times herein mentioned, each of the defendants, including those designated by fictitious name, was an agent and employee of the remaining defendant, and acted within the course and scope of such agency and/or employment.

10. At all times herein mentioned, defendant Unknown Border Patrol Agent, was, and is, an investigative or law enforcement agents/officers as defined in 28 U.S.C. §2680(h) of the United States Border Patrol, Customs and Border Protection, an agency of the United States, acting within the course and scope of their employment with Defendant United States of America. The Unknown Border Patrol Agent is sued in his individual capacity for violations of plaintiffs' rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by Article I, Sec. 1, of the California Constitution.

11. At all times mentioned herein, each and every defendant herein was the owner, agent, servant, joint venture, alter ego and employee, each of the

other and each was action within the course and scope of his or him ownership, agency, service, joint venture and employment.

12. At all times mentioned herein, each and every defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other defendants.

13. Plaintiff is ignorant of the true names of defendants DOES 1 through 100, inclusive, and have therefore sued them by the above names, which are fictitious.  Plaintiffs will amend this complaint by inserting true names in lieu of the fictitious names, together with apt and proper charging words, when the true names are ascertained.  Plaintiffs are informed, believe and thereon allege that each of the defendants designated in this complaint, as a DOE is responsible and liable to plaintiffs in some manner for the events, happenings, and contentions referred to in this complaint.  All references in this complaint to defendants shall be deemed to include all DOE defendants.

14. Plaintiffs are informed and believe and thereon allege that each defendant, including DOES, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other defendant, including DOES, and all of the things alleged to have been done by the defendants were done in the course and scope of the agency, employment, service, subsidiary relationship, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives.

15. The incident complained about in this action occurred in San Diego County, California, United States of America.

## JURISDICTION

16. The jurisdiction of this Court, as to the plaintiffs' claims against Defendant United States of America, is based upon  28 U.S.C. §§1346(b) and 2671-2680.  An administrative claim for damages

against the Defendant U.S. Border Patrol (hereinafter "Border Patrol") was filed by and on behalf of the plaintiffs on or about March 18, 2021. No rejection was ever made rather requests for more information were issued. Plaintiffs waited patiently for a decision when it was apparent that none was forthcoming plaintiffs decided to pursue this action.

17. The jurisdiction of this Court, as to the plaintiffs' claims against Defendant Unknown Border Patrol Agent, in his individual capacity for violation of plaintiffs' constitutional rights is based on 28 U.S.C §§1331, 1332 and 1367(a) and pendant jurisdiction over related causes of action.

## VENUE

18. The acts and occurrences that form the basis of this complaint occurred in the Southern District of California. Jurisdiction is thus invoked by 28 U.S.C. §139l(a)(b)(d)(e)(1)(2); and 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

19. On or about December 27, 2020 at approximately 2:44 p.m. Plaintiff Curtis Habecker was driving his work truck, a GMC 2500 at the intersection of Interstate 8 and Dunbar Lane, in the unincorporated city of Alpine, County of San Diego, California, United States of America, when he was impacted by a car being driven by Pearl Oliva Guzman.

20. At the same time and place Ms. Guzman was being chased by officers of the U.S. Border Patrol.

21. Plaintiffs are informed, believe and thereon allege that Ms. Guzman had run through the border check point at Buckman Springs, thereafter she and her cohorts were chased down interstate 8 through Alpine, California to the

Flynn Springs/Dunbar exit on Interstate 8; speeds of the chase exceeded 120 miles per hour.

22. The force of the impact was severe causing major damage to plaintiff's GMC including causing it to roll over.

23. Plaintiff Curtis Habecker sustained severe injuries including head injuries and had to be transported from the scene via ambulance. Plaintiff Curtis Habecker had to be hospitalized.

24. Plaintiff Curtis Habecker suffered and continues to suffer from his injuries. As a result of his injuries, he was unable to return to work.

25. Plaintiffs are informed, believe and allege, that the speeds of the chase violated Border Patrol policies and that the area of the chase was in a populated area that violated internal policies of U.S. Border Patrol.

26. As a direct and proximate result of defendants' acts and/or omissions in the chase as alleged, plaintiff suffered reasonable and necessary medical expenses in the past and will incur reasonable and necessary medical expenses in the future in an amount which is currently unknown but which will be pleaded when ascertained.

27. As a direct and proximate result of defendants' acts and/or omissions in the chase as alleged, plaintiff has suffered lost income and loss of earning capacity in an amount which is currently unknown but which will be pleaded when ascertained.

28. As a direct and proximate result of defendants' acts and/or omissions in the chase as alleged, defendants are liable to plaintiff pursuant to the provisions of California law.

29. As a direct and proximate result of acts and omission of Defendants and DOES 1 to 100, plaintiff has been injured and otherwise suffered damages for which the defendants are liable.

//

# FIRST CAUSE OF ACTION
# NEGLIGENCE
### (As to all Defendants)

30. Plaintiff re-alleges as though fully set forth herein each and every allegation of paragraphs 1 through 29, inclusive, of the general allegations above, as though fully set forth in length herein.

31. Plaintiffs are informed, believe and allege, that Defendant Unknown Border Patrol officers exceeded their command by chasing Ms. Guzman's vehicle through Alpine, California in violation of their safety protocols.

32. In addition, Unknown Border Patrol officers, drove at a high rate of speed exceeding 120 mph creating a dangerous condition through a populated area ultimately causing Guzman to lose control of her vehicle and slam into plaintiff's GMC truck.

33. Defendant Unknown Border Patrol officer negligently and carelessly operated the subject motor vehicle in the course of his employment as an officer, agent, and employee of the U.S. Border Patrol, acting with the permission of and within the scope of the CPB and DPS, and using a vehicle owned by Defendant United States of America.

34. With reckless and negligent disregard for Plaintiff's safety, and for normal and safe motor vehicle operational standards, Defendant Unknown Border Patrol officer failed to operate his motor vehicle in a safe manner in violation of the California motor vehicle code; specifically, violation of California Vehicle Code §22350, et seq. and Vehicle Code §22450(a).

35. As a direct result of Defendant Unknown Border Patrol officer's breach of duty, and reckless and negligent operation of his motor vehicle, Plaintiff suffered injuries and damages, incurring total loss of vehicle; past, present, and future necessary medical expenses; loss of wages; pain and suffering and loss of enjoyment of life, the exact amounts to be proven at trial.

36. The impact of the collision between the chased Guzman vehicle and plaintiff's vehicle caused Plaintiff Curtis Habecker to suffer and to continue to suffer severe bodily injury.
37. That as a direct and legal result of the aforesaid acts or omissions of all Defendants, and DOES 1 through 100, and each of them, suffered severe, serious, emotional, and permanent injuries to their person, all to their monetary damage.
38. That as a direct and legal result of the aforesaid acts or omissions of all Defendants, and DOES 1 through 100, and each of them, Plaintiffs have been compelled to incur and will continue to incur medical, hospital, and related expenses.
39. That as a direct and legal result of the aforesaid acts or omissions of all Defendants, and DOES 1 through 100, and each of them, Plaintiff has been prevented and will continue to be prevented from engaging in gainful employment, thereby sustaining a loss of earnings and earning capacity.
40. As a further result of the defects alleged, Plaintiff has incurred medical and suffered discomfort and annoyance, all to their general damage in a sum to be proven at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING AND SUPERVISION
### (As to all Defendants)

41. Plaintiff hereby incorporate Paragraphs 1 through 40, inclusive, of the Complaint.
42. Plaintiffs allege that Defendant United States of America, by and through its vested authorities, failed to afford proper and adequate training necessary for the Defendant Unknown Border Patrol Agent to carry out his/her duties.

43. Plaintiffs further allege that Defendant United States of America, by and through its vested authorities, failed to properly and adequately supervise the Unknown Border Patrol Agent.
44. Defendant United States of America, was responsible for the hiring, training, disciplining, suspending, managing, supervising, directing, controlling, retaining and conduct of the unknown Border Patrol Agent.
45. Plaintiff on information and belief alleges, Defendants and each of them, have a duty of due care in the hiring, training, and supervision of its employees. Defendants have a further duty of due care to investigate the background of its employees, especially in light of the particular risk or hazard that the breach of that duty poses to general public by law enforcement officers within Defendants' law enforcement duties. Defendants breached their duty in that, among other things:

    a. They knew or had reason to know that DOES were incompetent and unfit employees.
    b. They knew or had reason to know that defendants, DOES, because of their qualities, were likely to harm the general public.
    c. They knew or had reason to know that defendants, DOES were incompetent as employees because of their reckless or vicious dispositions.
    d. They failed to exercise due care in the interviewing, selection, training and supervision of Defendants, DOES, such that the employment necessarily brought them in contact with the general public, including plaintiff, in the performance of their duties.
    e. They knew or had reason to know that defendants, DOES, had

  a history of or propensity to abuse perpetrators and the general public and would in fact engage in such abuse if brought in contact with the general public.

  f. Failed to supervise Border Patrol officers in the proper manner to conduct a chase through a populated area.

46. Plaintiff on information and belief alleges, at no time did the United States of America use reasonable care in selecting and periodically evaluating its law enforcement officers so that the public are provided proper respect for law and proper functions of law enforcement.

47. Specifically, Defendant United States of America failed to supervise or train the Border Patrol Officers to carry out their duties, and that conducted the high-speed chase causing the crash into Plaintiff Curtis Habecker's vehicle.

48. Defendant United States of America was primarily responsible for supervising employees and coworkers as they are vested law enforcement officers of the United States Customs and Border Patrol.

49. Despite the foregoing, defendants, negligently, recklessly and carelessly permitted defendants DOES, to have contact with plaintiffs in the course of their employment.

50. Defendant United States of America, was responsible for the hiring, training, disciplining, suspending, managing, supervising, directing, controlling, retaining and conduct of the unknown Border Patrol Agent.

51. As a direct and proximate result of the acts of Defendants, as aforesaid, Plaintiffs and plaintiff sustained severe and serious injury to their persons, including but not limited to severe emotional distress, all to Plaintiffs' and plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

52. By reason of the foregoing, plaintiffs has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and plaintiff was compelled to incur expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

53. That as a direct and legal result of the aforesaid acts or omissions of all Defendants, and DOES 1 through 100, and each of them, Plaintiffs have been prevented and will continue to be prevented from engaging in gainful employment, thereby sustaining a loss of earnings and earning capacity.

54. As a further result of the defects alleged, Plaintiffs have incurred medical and suffered discomfort and annoyance, all to their general damage in a sum to be proven at trial.

## THIRD CAUSE OF ACTION

**VIOLATION OF 42 U.S.C. 1983 CIVIL RIGHTS and violations of the U.S. Constitution 5th, 8th and 14th Amendments**

**(As to all Defendants)**

55. Plaintiff re-alleges and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 54 and also in the following claims for relief as though the same were fully set forth at length.

56. At the time of the incident unknown Defendants U.S. Border Patrol agents were in uniform and acting under the color of law. They were using U.S Border Patrol squad cars and had their law enforcement badges visible.

57. At all times relevant unknown U.S Border Patrol officers were employed by Defendant United States of America and were acting under the color of the law.

58. Unknown U.S Border Patrol officers violated plaintiffs' Constitutional rights specifically but not limited to violations of the Fifth, Eighth and Fourteenth Amendments.

59. Unknown U.S. Border Patrol officers violated plaintiffs Civil Rights. Those Civil Rights included integrity of body. In the present matter, plaintiffs were

not the target of the chase but were in fact collateral damage to that chase. The Civil Rights and bodily integrity were readily apparent to unknown U.S. Border Patrol officers and with intentional and careless disregard to plaintiffs Civil Rights violated those rights a reasonable officer would have and should have known that their actions were a violation of plaintiffs Civil Rights.

60. In doing the acts alleged, the Unknown Border Patrol Agent violated Habecker's rights guaranteed under the Fifth Amendment to the Constitution of the United States to not be deprived of life and liberty without due process of law, including but not limited to the right not to suffer physical harm from persons acting under color of law that is intentionally or wantonly inflicted or which is accomplished with deliberate, reckless or callous indifference to his constitutional rights.

61. In doing the acts alleged, the Unknown Border Patrol Agent was motivated by evil motive and intent and the conduct in which he engaged involved reckless or callous indifference to the Constitutional rights of plaintiff Curtis Habecker, thereby entitling the plaintiffs to punitive and exemplary damages in an amount according to proof.

62. In doing the acts alleged, the Unknown Border Patrol Agent violated Habecker's rights guaranteed under the Eighth Amendment to the Constitution of the United States in that plaintiff Curtis Habecker was a victim of reckless chase and driving administered in a grossly disproportionate manner to whatever plaintiff's acts may have been thought to have been or alternatively the acts of Guzman; constituting, cruel and unusual punishment, and deprivation of his rights to due process of law under the laws and constitution of the United States, in particular the injuries under the Fifth, and Eighth

and Fourteenth Amendments bodily injuries was unwarranted, cruel, unjustified and excessive.

63. That as a direct and legal result of the aforesaid acts or omissions of all Defendants, and DOES 1 through 100, and each of them, Plaintiff, suffered severe, serious, emotional, and permanent injuries to his person, all to their monetary damage.

64. That as a direct and legal result of the aforesaid acts or omissions of all Defendants, and DOES 1 through 100, and each of them, Plaintiff has been compelled to incur medical, hospital, and related expenses.

65. That as a direct and legal result of the aforesaid acts or omissions of all Defendants, and DOES 1 through 100, and each of them, Curtis Habecker's earning capacity has been seriously eroded if not terminated entirely as a result of his injuries.

## FOURTH CAUSE OF ACTION

**LOSS OF CONSORTIUM BROUGHT BY PLAINTIFF JANIELLE HABECKER ONLY- AS TO ALL DEFENDANTS**

66. Plaintiffs hereby incorporate Paragraphs 1 through 66, inclusive, of the Complaint.

67. Plaintiffs Curtis Habecker and Janielle Habecker, at all times relevant to this action were, and are, husband and wife.

68. Plaintiffs are informed, believe and thereon allege that Defendants, and each of them, negligently, carelessly, and in violation of strict liability designed, manufactured, and sold a defective product to the plaintiffs so as to cause Plaintiff Curtis Habecker to suffer serious bodily, *inter alia*, as alleged herein.

69. Plaintiff Janielle Habecker further alleges that prior to the subject incident, Plaintiff Curtis Habecker was able to and did assist in the performance of customary family and spousal duties, including, but not limited to, house work, cooking, cleaning, employment etc. Subsequent to Plaintiff Curtis

Habecker's injuries and medical complications, Plaintiff Curtis Habecker was unable to perform and provide the customary family and spousal duties in the manner he had performed prior to the subject accident, as described above.  In addition, Plaintiff Janielle Habecker was forced to assume additional household duties including cleaning, cooking, etc. while maintaining her outside employment and role as primary provider and caregiver of her family.

70. As a further proximate cause of Defendants', and each of their negligence, as alleged above, Plaintiff Janielle Habecker has been harmed in that she suffered loss of love, affection, care, emotion, activity, *inter alia*, from her spouse, Plaintiff Curtis Habecker, all to her damage in an amount to be established at trial.

## DAMAGES

71. That as a direct and proximate result of the Defendants having supplied defective and unreasonably dangerous products as described herein and in failing to provide adequate warnings and instructions, Plaintiff CURTIS HABECKER severe injuries were caused or contributed to by the aforesaid defective and unreasonable dangerous products as described herein, causing Plaintiff CURTIS HABECKER and her relatives at law to suffer grief, sorrow, loss of probable support, companionship, society, comfort and consortium and damages for pain, suffering and disfigurement of decedent, all to their general damage in an amount according to proof.

72. That as a further proximate result of said defective and unreasonably dangerous product as described herein, CURTIS HABECKER, has been caused to incur certain economic damages including, but not limited to expenses for hospitals, physicians' expenses in an amount not yet ascertained.

73. As a further direct and proximate result of the conduct of the Defendants and

each of them, Plaintiffs, CURTIS HABECKER, became obligated to and did incur bills in a reasonable amount for hospital, doctor and medical expenses in an amount presently unascertained.

74. As a further direct and proximate result of the conduct of the Defendants and each of them and DOES 1 through 100, and each of them, CURTIS HABECKER no longer has or has a reduced earning capacity as a result of her severe injury.

75. As a further direct and proximate result of the conduct of the Defendants and each of them, Plaintiff, CURTIS HABECKER was hurt and injured in Plaintiffs CURTIS HABECKER and health, strength and activity, sustaining injury to Plaintiffs CURTIS HABECKER nervous system and person, all of which said injuries have caused and continue to cause Plaintiffs CURTIS HABECKER great mental, physical and nervous pain and suffering. Plaintiffs CURTIS HABECKER is informed and believes and thereon alleges that said injuries will result in some permanent disability to Plaintiffs CURTIS HABECKER all to her general damages in an amount according to proof.

//
//
//
//
//
//
//
//
//
//

**WHEREFORE**, plaintiff prays judgment against defendants as follows:

1. For damage to personal property and economic loss, in an amount to be proven at trial;
2. For medical and related expenses in an amount to be proven at trial;
3. For statutory damages in an amount to be proven at trial;
4. Punitive damages as allowed by law;
5. For attorneys' fees as provided by law;
6. For costs of suit herein incurred;
7. For pain and suffering;
8. For interest as allowed by law; and,
9. For such other and further relief as the Court may deem just and proper.

Dated: September 12, 2022

*S/Michael R. Hirman*
Michael R. Hirman, Esq.
Attorneys for Plaintiff,
Curtis Habecker, et al.