UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HABECKER and JANIELLE HABECKER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>Defendants. | Case No.: 22-cv-1379-CAB-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Doc. No. 12]** |

Plaintiffs Curtis Habecker ("Mr. Habecker") and his wife Janielle Habecker ("Mrs. Habecker") filed this case against the United States of America (the "United States") and United States Customs and Border Protection ("CBP"), alleging four causes of action. Presently before the court is the United States' motion to dismiss ("MTD") [Doc. No. 12]. The motion has been fully briefed and oral argument was held on February 8, 2023. For the reasons below, the motion to dismiss is **GRANTED**.

I. **BACKGROUND**

On December 27, 2020, CBP officers allegedly engaged in a 120 mph high-speed chase with a person suspected of smuggling undocumented immigrants. [Compl. ¶¶ 19, 20]. In the midst of this chase, the suspect hit Mr. Habecker's truck, causing it to roll over. [Compl. ¶¶ 19, 22]. As a result of the impact, Mr. Habecker allegedly suffered from severe injuries and his car had major damage. [Compl. ¶¶ 22, 23].

Mr. Habecker brought an administrative claim for damages with the CBP on March 18, 2021 [Compl. ¶ 16] and the claim was subsequently denied by CBP on October 7, 2021

1

[MTD at 8]. As established in oral argument, there is no dispute among the Parties that (1) CBP sent the denial letter via certified mail to Plaintiffs' attorney on October 7, 2021; (2) the "letter was received" [Pl. Resp. at 9]; and (3) Plaintiffs were aware they had until April 7, 2022 to file their claim in federal court pursuant to Section 2401(b) of the Federal Tort Claims Act.

On September 12, 2022, Plaintiffs filed this action against both the United States and CBP, alleging the tort actions of negligence, negligent hiring, training, and supervision, and loss of consortium. Plaintiffs also allege a *Bivens* claim under 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed for lack of subject matter jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When assessing a 12(b)(1) motion to dismiss, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

"The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

### III. DISCUSSION

The United States argues that all Plaintiffs' torts claims are time barred because Plaintiffs filed this action more than six months after the CBP denial letter was issued, in violation of the statute of limitations requirement of the Federal Tort Claims Act ("FTCA"). The Court agrees.

#### a. FTCA, Statute of Limitations

Under the FTCA, a plaintiff must exhaust all administrative remedies prior to filing their action in federal court. Once all administrative remedies are exhausted, the plaintiff then has six months from the date of the administrative agency's denial to file a claim in federal court. 28 U.S.C. § 2401(b). When a Plaintiff fails to file within six months due to extraordinary circumstances, the Ninth Circuit allows district courts to apply equitable tolling to the FTCA statute of limitations. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013).

For equitable tolling to apply, FTCA plaintiffs must establish both that (1) they pursued their rights diligently, and (2) some extraordinary circumstances stood in the way of filing the claim in federal claim. *Kwai Fun Wong*, 732 F.3d at 1052. "A garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id*. Absent these two prongs, equitable tolling cannot apply. *Redlin v. U.S.*, 921 F.3d 1133 (9th Cir. 2019) (finding equitable tolling did not apply when there was no evidence of diligence or extraordinary circumstances).

In the present case, Plaintiffs have not satisfied their burden of establishing diligence or extraordinary circumstances to toll the FTCA statute of limitations. While Plaintiffs' response to the motion to dismiss vaguely mentions Mr. Habecker's severe head injuries prevented him from timely filing [Pl. Resp. at 9] and Plaintiffs' counsel mentioned in oral argument the pursuit of an expert during the five-month delay, this is not enough to satisfy the high burden held by Plaintiff to prove equitable tolling should apply. Ultimately, the motion to dismiss adequately establishes that the CBP denial letter existed and was sent by certified mail to Plaintiffs' counsel on October 7, 2021. [MTD Exs. 3, 4]. As such, Plaintiffs

were required to file the present claim by April 7, 2022 and did not do so. The Court does not find diligence or extraordinary circumstances have been established by Plaintiffs' papers, and Plaintiffs were unable to demonstrate at oral argument any legitimate reasons to apply equitable tolling to Mr. Habecker's tort claims.

Mrs. Habecker never made an administrative claim for loss of consortium, and it is therefore barred. Even if construed as a derivative claim of Mr. Habecker's allegations against the United States, the separate claim is also late and time barred under the FTCA. Thus, the tort claims made by both Plaintiffs are time barred under Section 2401(b). Accordingly, those claims are **DISMISSED with prejudice.**

### b. *Bivens* Claim under 42 U.S.C. § 1983

In light of the Supreme Court's decision to decline to extend *Bivens* to cases against CBP agents, *Egbert v. Boule*, 142 S. Ct. 1793, 1806 (2022), and the fact that Plaintiffs' claims arising out of the accident on December 27, 2020 are now time barred, Plaintiffs' *Bivens* claim under § 1983 is also **DISMISSED with prejudice.**

## IV.   CONCLUSION

Because Plaintiffs claims are time-barred and the Court lacks subject matter jurisdiction, this case is hereby **DISMISSED with prejudice.** The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED.**

Dated:  February 9, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge